[Cite as *Weiland v. Ohio Dept. of Transp.*, 2011-Ohio-3960.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIN WEILAND

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 10

    Defendant

   Case No. 2010-12656-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Erin Weiland, filed this action against defendant, Department of Transportation (ODOT), contending that the tire on her vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on US Route 33 in Hocking County. In her complaint, plaintiff noted that her sister "was driving my car and ran over a roadside marker which was laying loose on the highway" at milepost 7 on US Route 33. Plaintiff recalled that the damage event occurred on October 26, 2010 at approximately 7:00 p.m. Plaintiff requested damage recovery in the amount of $133.62, the total stated cost of a replacement tire, wheel, and wheel cover. The $25.00 filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose marker on US Route 33 prior to plaintiff's property-damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose roadway marker "prior to the (plaintiff's) incident." Defendant argued that plaintiff failed to produce any evidence to establish the length of time that the marker was dislodged and laying on the roadway prior to the

October 26, 2010 damage event. Defendant suggested that, "the debris existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended that plaintiff did not offer evidence to prove her property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged that US 33 was regularly maintained in the vicinity of plaintiff's incident. Indeed, defendant asserted that its employees were engaged in litter pickup activities on October 25, 2010, and that if ODOT work crews would have noticed any loose markers, such would have been repaired immediately.

{¶ 4} Defendant argued that plaintiff did not offer sufficient evidence to prove that her property damage was proximately caused by negligent maintenance activity on the part of ODOT. Defendant explained that road inspections were performed from October 20, 2010, through November 2, 2010. The records do not show any problems were detected involving loose markers at milepost 7.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the

{¶ 7} safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112

Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular loose roadway marker prior to October 26, 2010.

{¶ 9} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including loosened roadway markers, plaintiff must prove that either: 1) defendant had actual or constructive notice of the reflector condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the loosened reflector condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of

constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 11} Plaintiff has not produced any evidence to indicate the length of time that the loose roadway marker was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of any problem with the highway marker. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the loose marker appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of a defective roadway marker.

{¶ 12} Additionally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of her property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to her vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIN WEILAND

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 10

    Defendant

    Case No. 2010-12656-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Erin Weiland
1826 Merganser Run Drive
Columbus, Ohio  43215

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
4/8
Filed 4/27/11

Sent to S.C. reporter 8/10/11